IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO. 3:19 cr 73 |
| Plaintiff, | : | THOMAS M. ROSE |
| v. | : | (MISDEMEANOR) **INFORMATION** |
| **JOSEPH E. HENDRICKS**, (1) | : | 7 U.S.C. § 2024(b) |
| **KYLE P. NICHOLSON**, (2) | : | 18 U.S.C. § 371 |
| Defendants. | : | |

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT 1
### [18 U.S.C. § 371]
### (Conspiracy)

Beginning on an exact date unknown but at least by January 1, 2012 and continuing until on or about January 17, 2018, while in the Southern District of Ohio, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** together with other individuals, both known and unknown to the United States Attorney, did knowingly, willfully and unlawfully combine, conspire, confederate, and agree by and between themselves, to accomplish a common unlawful plan to devise a scheme and artifice to defraud the U.S. Government of money, benefits and property through the use of false and fraudulent pretenses, representations and promises, by unlawfully acquiring, possessing and using Supplemental Nutrition Assistance Program (SNAP) Electronic Benefits Transfer (EBT) access devices to gain SNAP benefits by committing certain offenses against the United States to include SNAP fraud in violation of 7 U.S.C. § 2024(b) by knowingly acquiring, possessing and using United States Department of Agriculture (USDA) EBT access devices which were issued in support of the SNAP (SNAP) Program as defined by 7 U.S.C. § 2012

(a) and (i), each having a value less than $100, in a manner not authorized by 7 U.S.C., Chapter 51 and the regulations issued pursuant thereto (7 C.F.R. §§ 271-285), in that they knowingly and unlawfully trafficked in a SNAP EBT access device by wrongfully post-dating SNAP EBT Card transactions, by maintaining recipients SNAP EBT Card financial information and backdating the SNAP EBT Card transaction dates, all in violation of 7 U.S.C. § 2024(b).

## OBJECTS OF THE CONSPIRACY

It was an object of the conspiracy for the conspirators to illegally acquire, possess, use and otherwise traffic in SNAP benefits obtained through EBT access devices issued to authorized SNAP recipients.

It was further an object of the conspiracy for the conspirators to submit false SNAP reimbursement claims to the U.S. Government and its contractors.

It was further an object of the conspiracy for the conspirators to devise a fraudulent scheme and artifice to defraud, steal and convert U. S. Government money and property by means of false and fraudulent pretenses, representations and promises through the use of interstate wire and electronic communications for the purpose of executing said scheme.

It was further an object of this conspiracy for the conspirators to conceal, disguise and insulate their respective roles in carrying out the aforesaid criminal scheme from federal and state regulatory authorities, law enforcement and prosecution authorities.

## THE MANNER AND MEANS OF THE CONSPIRACY

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants knowingly and illegally caused, and encouraged the exchange, redemption and bartering of SNAP benefits for U. S. currency and other ineligible items to include gift cards and the extension of credit.

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants were employed and associated with Ohio Direct Distributors, LLC (ODD) of Massillon, Ohio. While employed in this capacity, they aggressively targeted SNAP EBT recipients who had large families in hopes of maximizing potential sales to customers believed to receive large monthly SNAP benefits.

During all times relevant to Count 1 of this Information, defendants **JOSEPH HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants established revolving SNAP EBT credit accounts for SNAP customers. This practice was specifically designed to "lock-in" SNAP EBT recipient customers to ODD's so-called "Eat Now, Pay Later" and/or "Split Payments" Programs. This schemes *de facto* stretched SNAP purchases and reimbursements over a multi-month time frame. This credit practice fraudulently committed the SNAP recipient/patron to using a portion of "future monthly SNAP EBT benefits" for current month ODD purchases. These practices violated the provisions of 7 C.F.R. § 278.2(f).

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants would also exchange SNAP EBT benefits for unauthorized consideration to include cash and pre-paid gift cards. This illicit SNAP trafficking practice was encouraged through the use of "higher dollar specials" which violated 7 C.F.R. § 271.1.

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants directly and indirectly engaged in overt and covert intimidation tactics with SNAP recipient/patrons. These tactics were designed to ensure that SNAP EBT funds were available for ODD post-dated transactions that would occur in future months. Customers were warned of possible state criminal prosecution if they considered cancelling their SNAP EBT card to avoid paying off these post-dated transactions.

Defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants additionally distributed flyers and notices to SNAP EBT customers which cited Ohio Revised Code (O.R.C.) § 2913.46, Trafficking Food Stamp Benefits as a possible sanction if the recipient considered cancelling his/her SNAP EBT card due to an insufficient balance.

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants falsely advised SNAP EBT recipient customers that it was legal and proper for ODD sales employees to request and maintain individual SNAP EBT card information, to include: EBT card account numbers, personal identification numbers, the last four numbers of recipient social security numbers, dates of birth and addresses. ODD personnel collected and maintained this sensitive personal information in order to illegally and subsequently access, determine and monitor recipient SNAP EBT account information, reload dates and balances in order to illicitly process post-dated transactions, oftentimes without the individual customer's knowledge, involvement or permission.

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants would routinely complete SNAP EBT transactions without the individual recipient's knowledge or consent.

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants routinely maintained logs, ledgers, and notebooks on SNAP EBT customers to assist in the timely completion of post-dated sales transactions.

During all times relevant to Count 1 of this Information, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants continually, repeatedly, and illegally acquired and redeemed SNAP benefits in exchange for ineligible items, to include cash, gift cards, and illegally extended SNAP EBT account credit through a process of post-dating EBT transactions.

## OVERT ACTS

In furtherance of this conspiracy, and to effect the objects thereof, at least one conspirator knowingly committed one of the following overt acts while in the Southern District of Ohio:

a. Between on or about January 1, 2012 and January 17, 2018, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants aggressively targeted large family SNAP EBT recipients residing in the Southern District of Ohio and elsewhere with the intent of maximizing retail sales to customers with large monthly SNAP benefit payments;

b. During said time frame, defendants **JOSEPH E. HENDRICKS** and **KYLE P. NICHOLSON** and their co-defendants established revolving SNAP EBT credit accounts for recipient customers. This practice was designed to lock-in recipients into ODD's so-called "Eat Now, Pay Later" and/or "Split Payments" Programs. These schemes were designed to encourage SNAP EBT customers to stretch their purchases and benefit payments out over a multi-month period. This unauthorized credit practice committed the recipient to using a portion of "future promised monthly SNAP EBT benefits" for current ODD purchases.

All in violation of 18 U.S.C. § 371.

BENJAMIN C. GLASSMAN
United States Attorney

*Dwight K. Keller*
DWIGHT K. KELLER
Assistant United States Attorney

5